**Larancuent v. Ramirez**

522

[black redaction box]

C.P. of Berks County, no. 08-4348.

*George Gonzalez,* for plaintiff.
*Michael Dautrichz,* for defendant.

SPRECHER, *J.,* August 13, 2010—Plaintiff, Margarita Larancuent, appeals the decision and verdict dated March 26, 2010, following a bench trial. This opinion is filed pursuant to Pa.R.A.P. 1925.

## FACTS

Defendant, Sofia Del Rosario Ramirez, owns a residential property in Reading, PA, as evidenced by a deed dated November 8, 2002. (Plaintiff exhibit no. 1.) On May 10, 2004, the parties executed a one paragraph document entitled Property Agreement which reads as follows:

"Property Agreement

"Agreement between: Sofia Del Rosario Ramirez and Margarita Larancuent

"I Margarita Larancuent I.D. no.1512-332591 located at: 126 Peach St., Reading, PA 19602 certify that I will give a down payment of $1,500 in advance of a purchase of the property located: 1005A Franklin St., Reading, PA. The property value is $14,000.The owner Sofia Del Rosario Ramirez will also receive a monthly payment of $300

monthly. Sofia Del Rosario Ramirez I.D. R562-784-63928-0, and it is located at; 2635 N.W. Court, Miami, Florida 33142. This property will be paid in four years."

In 2008 defendant filed a landlord/tenant complaint before in the magisterial district court. Plaintiff appealed the judgment. Defendant filed a complaint with counts of ejectment and breach of contract. She alleged in the complaint that plaintiff failed to make various monthly payments to her and had entirely stopped paying rent since April 2007. It was also alleged that plaintiff refused to vacate the property.

This court conducted a bench trial. The following evidence was produced at the trial.

Defendant contended that plaintiff had missed the first three payments that had been due under the agreement: June 2004, July 2004, and August 2004. Defendant had been living in Florida in 2004. Plaintiff never lived in the property.

Plaintiff asserted that she had mailed cash payments to defendant for the months of June 2004 and July 2004. To support her contention, she submitted a copy of her bank statement dated June 14, 2004, which shows a withdrawal of $300 from the bank on June 14, 2004. Plaintiff marked this withdrawal as her rent to defendant. (Defendant exhibit no. 3.) However, on that same day plaintiff also withdrew $200, and on June 13, 2004, plaintiff withdrew $502. To support her contention that she had made a cash payment in July 2004, she submitted a checking account withdrawal ticket for $300. She did not have any receipts for the rental payments and the exhibits do not show what she did with the money. She further testified that she had sent the August 2004 pay-

ment to a person in Reading, Pennsylvania, at defendant's request. Defendant denied this assertion and testified that she had not been engaged in a relationship with that person in Reading at that time and had been living in Florida.

Plaintiff made the payments for the remainder of 2004 through Western Union but reduced her payments by the fees charged by Western Union. Thus, defendant received $271 in September 2004, $270 in October 2004, $271 in November 2004, and $276 in December 2004.

Consequently, defendant instructed plaintiff to pay by check beginning in 2005. Plaintiff did not make a payment in January 2005 and paid only $150 in February 2005. She made payments for each month thereafter but did not make a payment in September 2005. Defendant informed plaintiff that she wanted to break the agreement, but the parties resolved the issue.

Plaintiff made regular payments in 2006 by depositing the payments directly into defendant's account. Some, if not all, of the payments were in the amount of $350 instead of $300. Plaintiff's last payment was in April 2007. In May 2007 plaintiff called defendant in Florida and told her that she wanted to pay the balance owed at a settlement of the house. Closing was to occur in September 2007. Settlement never occurred and no more payments were made.

Defendant discovered that she had a bad credit history because plaintiff had not been paying water and trash bills. She was also notified that she was going to lose property because the taxes for 2006 and 2007 had not been paid. Defendant paid these taxes in December 2007.

She went to the property in 2007 with the intention of ending the agreement. Defendant found a tenant living in the property and ordered plaintiff to remove the tenant because plaintiff had no authority to lease the residence to a third party. Plaintiff terminated the lease and did not rent the property to anyone else.

Based on the facts of this case, this court granted judgment in favor of defendant and against plaintiff for ejectment and in favor of plaintiff and against defendant for breach of contract. This court further directed the prothonotary to return the monies held in escrow to defendant. Plaintiff filed the instant appeal.

## ISSUES

Plaintiff raises the following issues in her concise statement of errors complained of on appeal:

(1) This court committed error in finding that even though plaintiff may have defaulted on the agreement as entered between the parties by not making some of the payments as demanded by the agreement, she cannot cure such a default on the basis that the agreement is considered to be a mortgage pursuant to the dictates of *Anderson Contracting Company v. Daugherty,* 274 Pa. Super. 13, 417 A.2d 1227 (1979). That said case stands for the proposition that pursuant to the agreement, plaintiff should be regarded as a holder of a residential mortgage and thus pursuant to Act 6, 41 P.S. §400 et seq., she is entitled to cure as well as other wholesale protections afforded to her by such statute that includes notice as to what she owes under the agreement.

(2) This court erred in permitting the matter to proceed as a landlord/tenant matter instead of either as a mortgage

foreclosure matter pursuant to Act 6, and by its failure to grant summary judgment as filed by plaintiff by which she advanced these arguments and requested that the landlord/tenant action be dismissed on the basis of *Anderson.*

(3) This court erred in finding that even though plaintiff may have defaulted as to payments demanded by the contract, the seller has waived any breaches of the sales agreement by continuing to accept cure for such defaults throughout the period of existence of the agreement. That said cure includes payments made throughout the process of appeal to this court when she paid $900 when she filed the appeal in December 2008 and has been paying $300 per month ever since such date of appeal to the present.

(4) This court erred in treating and ordering this matter to be a landlord/tenant matter when in fact the agreement as signed by the parties makes no mention as to any agreement by the parties as to how to proceed in case of a default by either party. Then, it is argued, that such a default on non payment of monthly amounts by plaintiff gives rise to a landlord/tenant one when the agreement is silent as to how the parties are to proceed as to such failure.

## DISCUSSION

This court shall first address the issue of the agreement qualifying as a mortgage pursuant to *Anderson.* To qualify as a residential mortgage pursuant to *Anderson,* four elements must coalesce:

(1) an obligation to pay an original bona fide principal amount of $50,000 or less,

(2) evidenced by a "security document,"

(3) secured by a lien upon real property in Pennsylvania, and

(4) containing two or fewer residential units or on which two or fewer residential units are to be constructed.

In the case sub judice, the property is valued at less than $50,000 and contains one residential unit. However, the "property agreement" cannot be construed as a security document and plaintiff's obligation was not secured by a lien upon the property or is able to be secured by a lien upon the property because the document is not able to be filed as a lien. The best that the document qualifies is as an agreement by the parties to enter into an agreement for sale. Plaintiff agreed to give a future down payment of $1,500 in advance of a purchase of the property. Defendant is identified as the owner of the property who will also receive a monthly payment of $300.The agreement ends with the sentence, "This property will be paid in four years."

All acts in the document are *in futuro*. Nothing in the document states that anything should be done at the time of its execution. This document does not qualify as a security document that could be recorded. As plaintiff admits in her concise statement the agreement does not state how either party is to proceed in a default by the other party. For these reasons, this court found that the instant document was not a mortgage and that plaintiff was not entitled to the protections of Act 6.

Plaintiff's third complaint is that defendant waived any breaches of the contract by continuing to accept cure for defaults, including payments during the appeal process. This contention is without merit. The agreement is

practically worthless. Nothing is defined in the agreement. Neither a breach nor a remedy is defined. What is uncontroverted, however, is that defendant expected payments from plaintiff when plaintiff was in possession of the property. Defendant may have accepted different methods of payments and different amounts at various times, but she always wanted consistent monthly payments. She allowed plaintiff to retain possession as long as payments were forthcoming. Defendant sought plaintiff's ejectment when the payments totally ceased.

Moreover, plaintiff did not cure the instant default by making payments throughout the appeal process. Defendant did not receive the payments. All monies were held in escrow by the prothonotary and were ordered by this court to be released to plaintiff at the conclusion of the proceedings. If plaintiff had not made the payments, the appeal would have been terminated.

Plaintiff's last issue is that this court erred by treating the matter as a landlord/tenant issue when the agreement is silent concerning the procedure to be followed in cases of default. This issue is meritless.

Plaintiff made various payments to defendant while in possession of the property. Black's Law Dictionary, 8th edition, defines a landlord-tenant relationship as follows:

"The relationship is contractual, created by a lease or (agreement for lease) for a term of years, from year to year, for life, or at will, and exists when one person occupies the premises of another with the lessor's permission or consent, subordinated to the lessor's title or rights. There must be a landlord's reversion, a tenant's estate,

transfer of possession and control of the premises, and (generally) an express or implied contract."

In the case sub judice, the agreement states that defendant is the owner of the property. Plaintiff made payments to defendant throughout the period when plaintiff was in possession of the property. It is also undisputed that defendant controlled who lived on the premises which is reflective of the landlord-tenant relationship. Therefore, this court found that the relationship between the parties was that of landlord and tenant, Accordingly, when plaintiff violated the agreement, defendant had the right to proceed as a landlord against plaintiff.

In accordance with the foregoing opinion, this court submits that its decision and verdict should be affirmed and plaintiff's appeal dismissed.